PREET BHARARA
United States Attorney for the
Southern District of New York
By: LAWRENCE H. FOGELMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:   (212) 637-2719
Fax:   (212) 637-2686
Email: Lawrence.Fogelman@usdoj.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/15

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

INSPIRE PHARMACEUTICALS, INC.,

        Defendant.

---

ECF Case

10 Civ. 7450 (LAP)

**STIPULATION AND ORDER OF
SETTLEMENT AND RELEASE
BETWEEN THE UNITED STATES
AND THE RELATOR**

      WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, and relator Jill DeGuzman ("Relator" and, together with the United States, the "Parties"), through her counsel;

      WHEREAS, on September 29, 2010, Relator filed the above-referenced *qui tam* action (the "Relator's Action") in the United States District Court for the Southern District of New York (the "Court") pursuant to, among other statutes, 31 U.S.C. § 3730(b), the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that Inspire Pharmaceuticals, Inc. ("Inspire") violated the FCA by knowingly and actively promoting AzaSite as a safe and effective treatment for non-FDA approved uses in order to induce doctors

to write prescriptions for non-FDA approved uses, causing Medicare, Medicaid and other federal healthcare programs to pay millions of dollars for uncovered claims;

WHEREAS, on or about June 12, 2015, the United States entered into a settlement agreement with Inspire resolving certain claims relating to the marketing of AzaSite for the treatment of blepharitis – a use not approved by the FDA and which was not a medically accepted indication as defined by 42 U.S.C. § 1396r-8(k)(6) – which Inspire intended to cause (and in fact caused) doctors to prescribe AzaSite for uses not covered by federal healthcare programs, and resulted in federal healthcare programs paying millions of dollars in false claims (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 2 of the Settlement Agreement, Inspire agreed to pay the United States a settlement of four million, nine hundred thirty-eight thousand, five hundred seventy-three dollars and seventy-seven cents ($4,938,573.77), and interest on that amount at a rate of 2.250% from April 29, 2014 until the date of payment (the "Settlement Amount"), to resolve all claims of the United States as alleged in the Relator's Action relating to the Covered Conduct defined in paragraph C of the Settlement Agreement, and the Government's Complaint-In-Intervention relating to the Covered Conduct;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), she is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the United States and the Relator mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the United States and the Relator agree as follows:

1. Contingent upon receipt by the United States of the payment due to the United States under Paragraph 2 of the Settlement Agreement, the United States will pay Relator, c/o Gary P. Falkowitz and/or Parker Waichman LLP, as attorney for Relator ("Relator's Counsel"), twenty (20%) of the payment of the Settlement Amount received from Inspire in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount.

2. The obligation to make the payment to the Relator under Paragraph 1 is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Inspire required by the Settlement Agreement. In the event that Inspire fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relator.

3. Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

4. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for herself and her heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States, its agencies, officers, employees, servants, and agents from any claims pursuant to 31 U.S.C. § 3730 for a share of any proceeds of the Settlement Agreement, and from any and all claims against the United States, its agencies, officers, employees, servants, and agents arising from or relating to any claim against Inspire in the Relator's Action.

5. This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against the Relator arising under Title 26, U.S. Code (Internal

Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the United States and the Relator, their successors, assigns and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation and the Settlement Agreement constitute the entire agreement of the United States and the Relator with respect to the subject matter of this settlement stipulation and the Relator Stipulation may not be changed, altered, or modified, except by a written agreement signed by the United States and the Relator specifically referring to this Relator Stipulation.

9. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York
       July 7, 2015

PREET BHARARA
United States Attorney
*Attorney for the United States*

By: _____
LAWRENCE H. FOGELMAN
Assistant United States Attorney
86 Chambers Street
New York, New York 10007

Dated: _____, 2015

By: _____
Jill DeGuzman, Relator

4

Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the United States and the Relator, their successors, assigns and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation and the Settlement Agreement constitute the entire agreement of the United States and the Relator with respect to the subject matter of this settlement stipulation and the Relator Stipulation may not be changed, altered, or modified, except by a written agreement signed by the United States and the Relator specifically referring to this Relator Stipulation.

9. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Dated: New York, New York
_____, 2015

PREET BHARARA
United States Attorney
*Attorney for the United States*

By: _____
LAWRENCE H. FOGELMAN
Assistant United States Attorney
86 Chambers Street
New York, New York 10007

Dated: June 15, 2015

By: _____
Jill DeGuzman, Relator

4

Dated: June 16th, 2015

By: _____
GARY P. FALKOWITZ
Parker Waichman LLP
Port Washington, NY 11050
*Counsel for Jill DeGuzman*

SO ORDERED:
_____
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

Dated: 7/14/15